THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR16-00325RSL |
| Plaintiff, | |
| v. | EVIDENTIARY AND DISPOSITION MEMORANDUM |
| ROBERT VEDEROFF, | |
| Defendant. | |

Robert Vederoff is scheduled to have an Evidentiary and Disposition Hearing by video/telephone on Wednesday, February 3, 2021, at 11:00 a.m.[1] As to the evidentiary hearing, Mr. Taylor is alleged to have committed five Grade C violations of federal supervision:

- Violation 1: Use of marijuana on various dates in October, November and December 2019 (Dkt. 75);

- Violation 2: using methamphetamine on or before December 18, 2019. *Id.*;

- Violation 3: Using marijuana on or about January 6, February 3, February 10, and March 2, 2020 (Dkt. 85);

- Violation 4: Consuming alcohol. *Id.*; and

- Violation 5: Using cocaine and methamphetamine on or before November 12, 2020 (Dkt. 91).

---

[1] Mr. Vederoff's consent to proceed by video and telephone was filed on January 26, 2021. (Dkt. 95).

DEFENSE EVIDENTIARY AND DISPOSITION
HEARING MEMORANDUM
(*Robert Vederoff*; CR16-325RSL)  - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

On February 5, 2020, Mr. Vederoff appeared as directed and, as noted by the Government, admitted violations one and two. (Dkt. 82). He intends to admit the remaining three supplemental violations filed thereafter, at the hearing this week. Therefore, an evidentiary hearing is not required and Mr. Vederoff, after admitting the violations before the Court, will be prepared to move forward with the disposition.

In terms of disposition, as described by Mr. Vederoff's Probation Officer and the Government, all conduct before the Court is indicative of Mr. Vederoff's struggles while undertreated for his substance use disorder and mental health. For the reasons stated by the Probation Department and Government, the defense agrees that revocation is not warranted.[2] Under the circumstances, Mr. Vederoff has not "breached" this Court's trust such that a sanction, beyond the interventions taken, including these proceedings, is warranted.

Indeed, the violations do not mandate revocation. *See* 18 U.S.C. §§ 3565(b), 3583(g). Moreover, where, as here, the violations stem from a substance abuse dependence, by statute, the Court must "consider whether the availability of appropriate substance abuse treatment programs, or an individuals' current or past participation in such programs, warrants an exception" to incarceration. 18 U.S.C. § 3583(d); *see also* 18 U.S.C. § 3582(a) ("imprisonment is not an appropriate means of promoting correction and rehabilitation."); *United States v. Holland*, 874 F.2d 1470, 1473 (11th Cir. 1989) (before revoking, courts should consider efforts to comply with terms of supervision and all mitigating circumstances that would excuse conduct); *United States v. Holland*, 850 F.2d 1048, 1051 (5th Cir. 11988) (even someone who

---

[2] When requested to revoke a term of supervision, the Court does not consider all § 3553(a) factors but rather, is directed by statute to consider only the following factors: (1) nature and circumstances of the offense and the history and characteristics of the person, see § 3553(a)(1); (2) the need to afford adequate deterrence to criminal conduct, see § 3553(a)(2)(B); (3) the need to protect the public from further crimes of the defendant, see § 3553(a)(2)(C); (4) the need to provide the defendant with needed educational, vocational training, medical care or other treatment in the most effective manner, see § 3553(a)(2)(D); (5) the kinds of sentences and the sentencing range, see §3553(a)(4); (6) any relevant policy statements, see § 3553(a)(5); (7) the need to avoid unwarranted sentencing disparities, see § 3553(a)(6); and (8) the need to provide restitution to any victim, see § 3553(a)(7). *See* 18 U.S.C. § 3583(e)(3).

DEFENSE EVIDENTIARY AND DISPOSITION
HEARING MEMORANDUM
(*Robert Vederoff*; CR16-325RSL) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  admits a violation must be given "an opportunity to offer mitigating evidence suggesting that the
2  violation does not warrant revocation"). Mr. Vederoff remains committed to his treatment and
3  continued success and therefore, has no objection to the modification recommended by the
4  Probation Department and Government. In short, these proceedings, including the Probation
5  Department's actions and the recommended modification, are sufficient, but not greater than
6  necessary to achieve all legitimate goals of sentencing.

7        DATED this 2nd day of February, 2021.

                                         s/ *Jennifer E. Wellman*
                                         Assistant Federal Public Defender
                                         Attorney for Mr. Vederoff

DEFENSE EVIDENTIARY AND DISPOSITION
HEARING MEMORANDUM
(*Robert Vederoff*; CR16-325RSL) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**